# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENDARIUS TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01267 (UNA) |
| ) | |
| MURIEL BOWSER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants the IFP application and, for the reasons discussed below, it dismisses this matter for failure to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who currently resides at a shelter in the District of Columbia administered by the Community for Creative Non-Violence ("CCNV"), brings this action against the Executive Director of the shelter, two of CCNV's Board Members, and Mayor Bowser. *See* Compl. at 2–3. His complaint is not a model of clarity. As best understood, he alleges that he has faced challenges at the shelter, including unsanitary conditions, pest infestation, and lack of "resources" and access to his mail. *See id.* at 3–4. He broadly contends that these conditions violate his Fifth Amendment rights. *See id.* at 3. He alleges that he has suffered mentally and physically, and he demands $500,000 in damages. *See id.* at 4–5.

The Fifth Amendment to the Constitution "protects individuals from deprivations . . . by state actors," *see Black Lives Matter D.C. v. Trump*, 544 F. Supp. 3d 15, 49 (D.D.C. 2021) (quoting *Fennell v. AARP*, 770 F. Supp. 2d 118, 132 (D.D.C. 2011)) (internal quotation marks omitted),

and guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," U.S. Const. amend. V.

First, plaintiff has not once alleged that CCNV or its officers are state actors. *See Melton v. Creative Non-Violence*, No. 93-0757, 1993 WL 367113, at *3 (D.D.C. Aug. 31, 1993) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("the party charged with the [constitutional] deprivation must be a person who may fairly be said to be a state actor.")) (alterations in original); *see id*. at *4–5 (entering judgment for the defendants on the plaintiff's Fifth Amendment claim because it found that CCNV's shelter was not a state actor).  And although plaintiff has, in suing Mayor Bowser, sued a state actor, *see English v. Dist. of Columbia*, 717 F.3d 968, 972 (D.C. Cir. 2013) (recognizing the Fifth Amendment's application to the District of Columbia and its officers), he has not alleged her involvement, if any, in the claimed wrongdoing. *See Collington v. Dep't of Human Resources*, No. 12-1017, 2012 WL 2366185, at *1 (D.D.C. June 21, 2012) (finding that the "the complaint's rambling allegations" failed to implicate D.C. government defendants in matter brought against the CCNV shelter for alleged constitutional violations).

Second, even if plaintiff could overcome those hurdles, he has fundamentally failed to state a cognizable claim under the Fifth Amendment against any of the defendants.  Plaintiff does "not identify the clause of the Fifth Amendment [he] allege[s] was violated, the liberty or property interest at stake, or the manner in which [he] was deprived of such an interest," which is fatal to his claim. *See Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 33 (D.D.C. 2007). Put differently, his allegations do not implicate any fundamental right; indeed, "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: June 13, 2025

/s/
AMIT P. MEHTA
United States District Judge